UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GUTTER TOPPER, LTD., | : | Case No. 1:05-cv-149 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| SIGMAN AND SIGMAN GUTTERS, INC., *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | **ORDER** |

This trademark infringement and unfair competition action is before the Court on a motion by Plaintiff to compel answers and responses to discovery (Doc. 16) and a motion by Defendants for a protective order (Doc. 21).  In support of its motion to compel, Plaintiff states that Defendants' responses to its discovery requests are incomplete.  In opposition to the motion to compel and in support of their motion for a protective order, Defendants maintain that the discovery sought is "confidential commercial information that if disclosed would . . . create an unfair advantage for Plaintiff and its subsidiaries." (Doc. 21 at 2.)

Plaintiff is seeking information. regarding, *inter alia*, Defendants' customer list, sales information, and marketing.  Defendants, a former dealer in Plaintiff's products, alleges that they are now competitors and that discovery sought by Plaintiff is confidential commercial information.

In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). The court, however, "for good cause shown" may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that a trade secret or other confidential research, development, or commercial information not be revealed." Fed. R. Civ. P. 26(c)(7).

The decision to issue a protective order lies within the sound discretion of the trial court. *Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 326 (10th Cir. 1981). In determining whether information designated as "confidential" or "trade secrets" must be disclosed, the courts apply a shifting burden analysis. *Crane Plastics Co. v. Louisiana-Pacific Corp.*, 119 F. Supp. 2d 749, 751 (S.D. Ohio 2000) (citing *Allen v. Howmedica Leibinger, GmhH*, 190 F.R.D. 518, 525 (W.D. Tenn, 1999)).

First, to meet its burden of showing good cause under Rule 26(c), the resisting party must demonstrate that the information sought is confidential. *See Crane Plastics Co.*, 119 F. Supp. 2d at 751. Second, the party must also show that harm would result if the information were disclosed. *Id.* When confidential commercial information is involved, the party must demonstrate that disclosure will result in a clearly defined and very serious injury to the party's business, *United States v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.C. Cir. 1981), or great competitive disadvantage and irreparable harm, *Essex Wire Corp. v. Eastern Elec. Sales Co.*, 48 F.R.D. 308, 310 (E.D. Pa. 1969). Moreover, the party must make "a particularized showing that the information sought is confidential" and come forth

with "specific examples" of competitive harm. *Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981) (citation omitted). Vague and conclusory allegations of confidentiality and competitive harm are insufficient. *Id.*; s*ee also United States v. Hooker Chems. & Plastics Corp.*, 90 F.R.D. 421, 425 (W.D.N.Y. 1981); *see also Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981).

If it is shown both that the requested information is confidential and that potential injury would result from the production of that information, the burden shifts to the requesting party "to establish that the information is both relevant and necessary to the pending action." *Crane Plastics Co.*, 119 F. Supp. 2d at 751 (quoting *Allen*, 190 F.R.D. at 525).

Defendants in the present action have alleged only in a conclusory fashion that the information sought is confidential and that they will suffer certain injuries if required to respond to Plaintiff's discovery requests. They have submitted no evidence to justify a protective order and have failed to carry their burden of showing good cause pursuant to Fed. R. Civ. P. 26(c).

Only after Plaintiff filed its motion to compel, did Defendants respond to Plaintiff's Interrogatories and Requests for Production of Documents. Defendants identified the person who contributed to preparing the answers and 20 persons who had knowledge regarding the subject matter of the litigation. (*See* Doc. 23-2 at 1-2.) They objected, however, to interrogatories which referenced Defendants' marketing and sales. (*See, e.g.,* Doc. 23-2 at 5-8 (Answers to Interrogatories 3, 5, 6, 7, 8, 9, 10).) In response to requests

for documents that specifically referenced Plaintiff or Plaintiff's products, Defendants produced certain documents including correspondence and vendor ledgers. (*See id.* at 9-12 & attachments (Doc. 23-2 at 13-20; Doc. 23-3)). To requests for documents concerning other products, Defendants objected.

The undersigned finds that Plaintiff has demonstrated that the outstanding discovery requests are relevant, that Defendants have not shown their objections are well founded, and that the motion to compel is well-taken.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motion to compel discovery (Doc. 16) is **GRANTED**; and

2. Defendant's motion for a protective order (Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall, within fourteen (14) days of the entry date of this Order, **FILE** an affidavit detailing its costs and expenses associated with filing the motion to compel. Thereafter, within fourteen (14) days of the service date of the affidavit, Defendants **SHALL SHOW CAUSE**, in writing, why Plaintiff should not be awarded its reasonable costs and expenses.

**IT IS SO ORDERED**.


Date:  2/2/06     　　　　　　　　　　　　　　　　 s/Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　 Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　 United States Magistrate Judge