IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GUTTER TOPPER, LTD., : | |
| : | |
| Plaintiff(s) : | |
| : | Case Number: 1:05cv149 |
| vs. : | |
| : | District Judge Susan J. Dlott |
| SIGMAN AND SIGMAN GUTTERS, INC., : | |
| et al., : | ORDER DENYING DEFENDANTS' |
| : | MOTION TO STRIKE |
| Defendant(s) : | |
| : | |
| : | |

This matter comes before the Court on Defendants' Motion to Strike Plaintiff's Motion for TRO and Preliminary Injunction (doc. #6) and Memorandum of Plaintiff Gutter Topper, Ltd., in Opposition to Defendants' Motion to Strike Plaintiff's Motion for TRO and Preliminary Injunction, or in the Alternative, Motion for More Definite Statement (doc. #9). On December 5, 2005, this Court entered an Order (doc. #19) denying as moot without prejudice Plaintiff's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction. As such, the portion of Defendants' Motion requesting that the Court strike Plaintiff's Motion for TRO and Preliminary Injunction is also moot.

Defendants also request that, as an alternative to striking Plaintiff's Motion, this Court order Plaintiff to provide a more definite statement of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(e).[1] Rule 12(e) provides:

---

[1] Although Defendants do not specifically state that their motion for a more definite statement is a request for a more definite statement of Plaintiff's Complaint, the Court so construes it because a motion for a more definite statement of Plaintiff's Motion for a TRO or Preliminary Injunction would not lie under Rule 12(e). See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed. 2005).

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). Motions under Rule 12(e) are "disfavored by most courts and are rarely granted in view of the availability of the variety of pretrial discovery procedures. See, e.g., Static Control Components, Inc. v. Lexmark Int'l, Inc., No. Civ. A. 04-84-KSF, 2005 WL 2122641, at *1 (E.D. Ky. Aug. 29, 2005) (citations omitted).

Defendants did not specify in their Motion the reasons why they believe a more definite statement of Plaintiff's complaint is necessary. The Court assumes, however, that Defendants' motion is based upon an alleged insufficiency of the Complaint due to the alleged insufficiency of the Heather Williams affidavit attached to the Complaint (which Defendants cite as the reason the Court should strike Plaintiff's Motion for a TRO or Preliminary Injunction). Defendants contend that the affidavit is insufficient and "indefinite in its allegations" because it "does not state the name of the alleged representative of Sigman & Sigman Gutter, Inc. [Williams] spoke with by telephone nor the name of the representative she allegedly spoke with at her home." (See doc. # 6 at 1.) Defendants could ascertain such facts, however, through discovery. As a motion for a more definite statement pursuant to Rule 12(e) is not to be used as a substitute for discovery, Defendants have not stated a basis for granting Defendants' motion. See, e.g., Innovative Digital Equip., Inc. v. Quantum, 597 F. Supp. 583 (N.D. Ohio 1984). Moreover, this Court finds no inherent vagueness in Plaintiff's Complaint that would prevent Defendants from filing an answer. Id. at 989.

Finally, despite Defendants' implied assertion that a more definite statement is required

for them to answer Plaintiffs' Complaint, Defendants have in fact already filed both an Answer (doc. # 7) and a Motion to Dismiss (doc. # 4).  As Plaintiff's complaint was clearly sufficiently definite for Defendants to respond, Defendants' motion for a more definite statement should be denied.  See, e.g., DeVore Brokerage Co. v. Goodyear Tire and Rubber Co., 308 F. Supp. 279, 281 (D.C. Tenn. 1969); see also Hodgson v. Bowman, No. 6234, 1971 WL 197, at *1 (E.D. Tenn. Dec. 7, 1971) (where defendant filed answer, unreasonable to argue a more definite statement was required); Blane v. Losh, 10 F.R.D. 273, 273-74 (N.D. Ohio 1953) (same); Innovative Digital, 597 F. Supp. at 988 (same regarding motion to dismiss).

Thus, for the foregoing reasons, Defendants' Motion to Strike Plaintiff's Motion for TRO and Preliminary Injunction (doc. #6) is hereby **DENIED**.

IT IS SO ORDERED.

    s/Susan J. Dlott

Susan J. Dlott
United States District Judge