IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GUTTER TOPPER, LTD., : | |
| : | |
| Plaintiff(s)  : | |
| : | Case Number: 1:05cv149 |
| vs.    : | |
| : | District Judge Susan J. Dlott |
| SIGMAN AND SIGMAN GUTTERS, INC., : | |
| et al., : | ORDER DENYING DEFENDANTS' |
| : | MOTION TO DISMISS |
| Defendant(s)  : | |
| : | |
| : | |

This matter comes before the Court on Defendants' Motion to Dismiss (doc. # 4) and Plaintiff's Opposition (doc. #8).  Plaintiff in this case is Gutter Topper, Ltd. ("Gutter Topper"). Defendants in this case are Sigman & Sigman Gutters, Inc., the Sigman Company, Inc., Sigman Gutters & Home Improvement, Inc., and William H. Sigman III ("Defendants").  Defendants have moved to dismiss Gutter Topper's complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Defendants argue that Gutter Topper has not established that this Court has diversity jurisdiction over this action because neither the complaint nor other evidence shows that the amount in controversy is more than $75,000.

"A motion to dismiss an action under Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action."  Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 194 (2d ed. 1990).  On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of proving that the court does in fact have jurisdiction.  See generally RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134-35 (6th Cir. 1996) (citations omitted); see also Rogers v. Stratton

Indus., 798 F.2d 913, 915 (6th Cir. 1986).  There are two kinds of challenges to jurisdiction that can be made pursuant to Rule 12(b)(1): a facial attack and a factual attack.  See Ohio Nat'l Life Ins. Co. v. U.S., 922 F.2d 320, 325 (6th Cir. 1990).  A facial attack questions the sufficiency of the complaint based upon the facts as stated therein, whereas a factual attack questions the sufficiency of the complaint in light of conflicting facts presented to the Court.  See id.  In this case, Defendants appear to have challenged the sufficiency of both the allegations in the complaint regarding Defendants' damages, and the factual amount of potential damages.

Plaintiff's complaint states nine counts for relief, including four counts based on trademark infringement under 15 U.S.C. §§ 1114 and 1116 or unfair competition under 15 U.S.C. § 1125, and seven related claims regarding trademark infringement, unfair competition, and breach of contract under Georgia law.  Gutter Topper alleged that this Court had diversity jurisdiction under 28 U.S.C. § 1332 because the parties have diversity of citizenship and the amount in controversy is in excess of $75,000, exclusive of interest and costs.  (See doc. #1, ¶ 5.)  As Gutter Topper points out, however, Gutter Topper also alleged that this Court has jurisdiction over its federal claims under both 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over its state law claims under 28 U.S.C. § 1367.  (Id. at ¶ 4.)

Under 28 U.S.C. § 1331, this Court has original jurisdiction over any civil action that arises under the laws of the United States.  Additionally, under 28 U.S.C. § 1338, this Court has "original jurisdiction of any civil action arising under any Act of Congress relating to . . . trademarks" and "any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the . . . trademark laws."  Thus, this Court clearly has subject matter jurisdiction Gutter Topper's federal trademark and unfair competition claims.  Under 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over "all other claims that are so

related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Gutter Topper's state law claims, which also involve trademark infringement and unfair competition, as well as breach of contract, are based upon the same facts and on related actions in law as Gutter Topper's federal claims, and are clearly part of the same case or controversy. This Court thus also has discretion to exercise supplemental jurisdiction over Gutter Topper's state law claims.

Because this Court has an independent source of jurisdiction over Gutter Topper's claims, the Court need not consider at this time whether it also has diversity jurisdiction over this action.[1] Consequently, Defendants' Motion to Dismiss (doc. # 4) for lack of jurisdiction is **DENIED**.

IT IS SO ORDERED.

   s/Susan J. Dlott   

Susan J. Dlott
United States District Judge

---

[1] Both parties have requested that the Court award them attorney fees and costs for their time in preparing their motions on this matter. The Court declines to do so at this time. Nevertheless, the Court notes that it was clear from Gutter Topper's Complaint that this Court had jurisdiction over this case, and the Court therefore reminds Defendants of their responsibilities under Federal Rule of Civil Procedure 11(b)(2).